IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORGE LUIS QUINTANA, SR.,<br>*Appellant* | § § § | Case No. SA-24-CV-00997-XR |
| -vs- | § § | Bankruptcy Case No. 19-50029-RBK |
| JOHN PATRICK LOWE,<br>*Appellee* | § § § | |

## ORDER ON BANKRUPTCY APPEAL

This civil action is before the Court on appeal from the United States Bankruptcy Court for the Western District of Texas. For the reasons stated below, the orders of the bankruptcy court are **AFFIRMED**.

### BACKGROUND

**I. Underlying Bankruptcy Proceeding**

On January 3, 2019, *pro se* Appellant Jorge Luis Quintana, Sr. (Quintana") and Libertad Quintana filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. *See* 19-50029-RBK, ECF No. 1.[1] The creditors met on January 30, 2019, after which the Chapter 13 Trustee timely filed objections, "[s]ubmit[ting] that all of the Debtors' exemptions should be disallowed" because Quintana's Schedule C (*i.e.*, his list of proposed exemptions) improperly tried to claim multiple homesteads from multiple states—one in Castroville, Texas and the other in Stamford, New York. ECF No. 38 at 1. The Chapter 13 Trustee argued that Quintana

---

[1] All citations to "ECF" refer to the underlying bankruptcy proceeding, unless otherwise noted. The Court draws these facts from the underlying proceedings, as well as the recitation by Magistrate Judge Bemporad in *Quintana v. Ramos*, No. 24-CV-949-XR-HJB, 2024 WL 5396261, at *3 (W.D. Tex. Oct. 3, 2024), *report and recommendation adopted*, 2025 WL 422613 (W.D. Tex. Feb. 5, 2025), in which Quintana raised the same underlying issues as here. In that case, Quintana attempted to sue the purchasers of one of the properties sold as part of his bankruptcy estate. Judge Bemporad recommended Quintana's IFP application be denied and the case dismissed with prejudice as frivolous. *Id.* at *4. This Court adopted Judge Bemporad's Report and Recommendation.

"can only claim one and must claim the property in Texas if they want to file [for bankruptcy] in Texas." *Id.*

On March 7, 2019, the bankruptcy court held a confirmation hearing. From the record, it appears that the bankruptcy court gave Quintana fourteen days to convert his case to Chapter 7. *See* Text Order, March 7, 2019. That same day, the bankruptcy court also dismissed as moot the Chapter 13 Trustee's timely objections. ECF No. 50.[2]

On March 12, 2019, the Chapter 13 bankruptcy was converted into a Chapter 7 bankruptcy. ECF No. 55. The creditors met on April 17, 2019, Text Order, April 17, 2019, and the Chapter 7 Trustee filed timely objections on April 24, 2019, asserting that he "joins in and adopts" the Chapter 13 "Trustee's Objections to Exemptions, docket entry 38." ECF No. 103 at 1.

On May 1, 2019, the Bankruptcy Court sustained the Chapter 13 Trustee's Objections to Exemptions" and "the Chapter 7 Trustee's joinder in those objections." ECF No. 126.[3] The Bankruptcy Court ordered that "all of [Quintana's] claims of exemption are disallowed without prejudice to their filing an amended Schedule C within 21 days," and that "in the event [Quintana] do[es] not file that amendment, then none of their claimed exemptions will be allowed." *Id.* at 2.

Quintana did not file an amended Schedule C. Instead, he appealed this order (along with many others) to the district court, ECF No. 137, which dismissed the consolidated appeals for failure to comply with Federal Rule of Bankruptcy 8009. ECF No. 426.

Without an amended Schedule C as ordered by the bankruptcy court, Quintana's Texas and New York properties were not exempted from the estate. On December 20, 2019, the bankruptcy

---

[2] While the bankruptcy court did not explain why, the Court presumes it did so given the conversion of the case to Chapter 7.

[3] The Chapter 7 Trustee and the bankruptcy court referenced ECF No. 38 when referring to the Chapter 13 Trustee's Objections, notwithstanding that the ECF No. 38—the Chapter 13 Trustee's Objections—were previously dismissed as moot. *See* ECF No. 50.

court authorized the sale of both the Texas Property and the New York Property. ECF Nos. 462, 463. On January 2, 2020, Quintana moved to reconsider the order authorizing the sales, ECF Nos. 466, 467, which the bankruptcy court denied, ECF No. 468 and 469.

While Quintana appealed the reconsideration orders, his appeals were dismissed by the district court for failure to prosecute and failure to file a brief. *See* ECF Nos. 504 (New York Property), 509 (Texas Property). The bankruptcy case was closed on September 17, 2021.

## II. Motion to Reopen

Nearly three years later, on August 2, 2024, Quintana filed a "Motion to Reopen the Chapter 7 Case," which the bankruptcy court denied. ECF Nos. 576, 578. The bankruptcy court explained that Quintana was attempting to "collaterally attack" "the order disallowing the debtors' claimed exemptions . . . entered five years ago," along with the order "authorizing sales of real estate entered four and one-half years ago on December 20, 2019." ECF No. 578 at 1. The bankruptcy court observed that "[t]he time has long passed for an appeal or a Rule 60(b) motion under Fed. R. Bankr. P. 9024." *Id.*

On August 16, 2024, Quintana filed a motion to reconsider,[4] which the bankruptcy court denied without reasoning. ECF Nos. 586, 588.

## III. Instant Appeal

Quintana filed a notice of appeal on August 28, 2024 in the bankruptcy court, which noticed both the motion to reopen and his motion to reconsider. *See* 24-CV-997, ECF No. 1. The appeal was opened on September 4, and was reassigned to this Court after District Judge Biery transferred it considering Quintana's then-pending civil action arising from the same set of facts. *Id.*, ECF No. 2; *see Quintana*, 2024 WL 5396261.

---

[4] While Quintana styled this motion as one to "reargue," this is a distinction without a difference. The Court refers to it as a motion to "reconsider."

Quintana filed his moving brief on October 7, 2024, which is unopposed. This matter is ripe for consideration.

## ANALYSIS

### I.  Jurisdiction

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. *See* U.S.C. § 158(a)(1); *In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013). Under 28 U.S.C. § 158(c)(2), such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."

Rule 8002 provides that, in general, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). "Since the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002 . . . . the time limit is jurisdictional[,]" and may not be waived. *Berman-Smith*, 737 F.3d at 1000, 1003.

As "[f]ederal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings," *In re Bass,* 171 F.3d 1016, 1021 (5th Cir. 1999), the Court examines it here.

"An order denying a motion to reopen is a final order because it 'leaves nothing for the [bankruptcy] court to do but execute the judgment.'" *Kountaki v. Johnson*, No. H-7-CV-3530, 2007 WL 4570161, at *1 (S.D. Tex. Dec. 26, 2007) (quoting *In re Booth*, 242 B.R. 912, 914 (B.A.P. 6th Cir. 1999)).[5]

---

[5] While a bankruptcy court's decision on a motion to reopen "may not generally be a final order from which an appeal from the [b]ankruptcy [c]ourt may be taken under 28 U.S.C. §§ 157(b) and 158(a)(1)," *Demery v. Johns*, 570 B.R. 44, 48 n.2 (Bankr. W.D. La. Mar. 2, 2017), the bankruptcy court's order on the motion to reconsider likewise concluded the (already-closed) litigation.

While Quintana did not file his notice of appeal until August 28, 2024—more than fourteen days after the entry of the bankruptcy court's order denying his motion to reopen—he timely filed a motion to reconsider the bankruptcy court's order, which tolled the time limitation for filing a notice of appeal until the bankruptcy court denied his motion to reconsider on August 20. *See* FED. R. BANKR. P. 8002(b)(1)(B) (if a party files a motion under Federal Rule of Bankruptcy 9023, the time to file an appeal runs from the entry of the order disposing of that motion); *In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988) (a motion for reconsideration is "properly treated as a Rule 9023 motion which tolls the [fourteen] period for appeals").

Accordingly, the Court has jurisdiction over both orders and proceeds to the merits.

## II. Standard of Review

"The bankruptcy court's decision to grant or deny a motion to reopen is committed to the sound discretion of the bankruptcy court and will be reviewed for an abuse of discretion." *In re Bell Family Trust*, 575 F. App'x 229, 233 (5th Cir. 2014). So too with a bankruptcy court's decision to grant or deny a motion to reconsider. *See In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). "An abuse of discretion occurs where the 'ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (quoting *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001)).

## III. Discussion

### 1. Legal Standard

The only issues properly appealed and before the Court are the motions to reopen and reconsider. Under 11 U.S.C. § 350(b), a bankruptcy court may reopen a case "to administer assets, to accord relief to a debtor, or for other cause." "The phrase 'or for other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate

or proceeding when cause for such reopening has been shown." *In re Dorsey*, 870 F.3d 359, 364 (5th Cir. 2017) (citing *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991). "While Section 350 permits a case to be reopened, a debtor does not have an absolute right to reopen the case. The reopening of a case rests within the sound discretion of the court, and the case will only be reopened upon the demonstration of compelling circumstances." *In re Johnson*, No. 4:17-CV-3410, 2018 WL 4955235, at *2 (S.D. Tex. Oct. 11, 2018). "Courts have expressed reluctance to permit reopening of a case unless there is good cause," and "are less inclined to find the bankruptcy court abused its discretion in denying a motion to reopen a bankruptcy case where the debtor's conduct is frivolous and the underlying claims are entirely without merit." *Id.*

2. **Analysis**

The bankruptcy court did not abuse its discretion in denying Quintana's motion to reopen the case or to reconsider its denial. "[W]hen parties to a bankruptcy case have been given a fair chance to challenge . . . a provision of a plan approved by the bankruptcy court during the case and fail to do so, they cannot challenge the court's order later through a collateral attack." *In re Linn Energy, L.L.C.*, 927 F.3d 862, 867 (5th Cir. 2019) (internal quotation mark omitted) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009)). As the bankruptcy court explained, Quintana's attempt to reopen the case was an improper collateral attack on orders that disallowed claimed exemptions and authorized the sale of his property. Likewise, Quintana's appeal is an improper collateral attack.

Quintana's briefing does not discuss why the bankruptcy court erred in denying his motions to reopen or reconsider. Instead, Quintana seeks to relitigate the bankruptcy court's underlying

6

orders, arguing the bankruptcy court lacked jurisdiction to authorize the sale of the Texas Property. *See* 24-CV-997, ECF No. 4 at 3. He cannot do so.[6] As the Fifth Circuit explained in *Linn Energy*:

> In *Travelers Indemnity Co. v. Bailey*, the Supreme Court held that final bankruptcy orders (*i.e.*, orders that are affirmed upon direct review, or, as in this case, not appealed or contested) become "res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. 557 U.S. 137, 152, 129 S. Ct. 2195, 2205, 174 L.Ed.2d 99 (2009) (internal quotation marks and citation omitted). The Court explicitly held that this principle applies "*whether or not [the orders were] proper exercises of bankruptcy court jurisdiction and power*" at the time they became final. Id.

*Linn Energy*, 927 F.3d at 866–67 (emphasis added). The "collateral bar established by *Travelers*," *id* at 867, dooms his relief.

Moreover, this case is statutorily moot under 11 U.S.C. § 363(m). "That statute limits the ability of appellate courts to review the sale of estate property when the order approving the transaction is not stayed." *In re Sneed Shipbuilding, Inc.*, 916 F.3d 405, 409 (5th Cir. 2019); *see also In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001) (holding that Section 363(m) even prevented appeals to determine whether the bankruptcy court lacked jurisdiction).

Quintana seeks to set aside and obtain the return of "all [his] real, personal, business, and vehicle properties," including the Texas Property at issue here. 24-CV-997, ECF No. 4 at 9–10. But Quintana never sought (much less received) a stay of the authorization of the sale, which was approved and consummated nearly five years ago.

---

[6] Quintana's argument is also meritless. He appears to contend that because the bankruptcy court dismissed the Chapter 13 Trustee's objections as moot, they were never effective, and so his two homesteads claimed as exempt were permanently divested from the bankruptcy estate as the initial Rule 4003(b) 30-day deadline passed. Quintana ignores that the Chapter 7 Trustee timely objected upon conversion. *See* BANKR. R. 1019(2)(B) (providing that when a bankruptcy case is converted to Chapter 7, a new time begins under Rule 4003(b) to file objections (unless certain exceptions, inapplicable here, are met)); *In re Brady*, 795 F. App'x 940, 942 (5th Cir. 2020).

7

## CONCLUSION

For the foregoing reasons, the orders of the bankruptcy court are **AFFIRMED**.

Quintana's Motion for Default Judgment (ECF No. 7) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **CLOSE** this appeal.

It is **SO ORDERED**.

**SIGNED** this 30th day of June, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE